IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SALOMON BOCANEGRA, | ) | |
| BOP Registration No. 36313-177, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-2977-K |
| | ) | (No. 3:07-CR-190-K-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to a written plea agreement, which included a waiver of his right to bring a collateral attack, except as to the constitutional effectiveness of his counsel, Movant Salomon Bocanegra pled guilty to—and he was convicted of—Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. § 1201(c) [Count 1]; Kidnapping and Aiding and Abetting, in violation of 18 U.S.C. §§ 1201(a) and 2 [Count 2]; Use of Interstate Communication Facilities to Demand Ransom and Aiding and Abetting, in violation of 18 U.S.C. §§ 875 and 2 [Count 4]; and Using, Carrying, and Brandishing a Firearm During or in Relation to a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c) and 2 [Count 5]. And the Court sentenced him to a total term of 340 months of imprisonment.

Bocanegra voluntarily dismissed his direct appeal. *See United States v. Bocanegra*, No. 07-11125 (5th Cir. 2007). This Court dismissed his initial 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence as time barred. *See Bocanegra v. United*

*States*, Nos. 3:09-cv-593-K & 3:07-cr-190-K (01), 2009 WL 1532111 (N.D. Tex. June 1, 2009). And the Court found it lacked jurisdiction to consider two successive Section 2255 motions filed by Bocanegra, transferring both to the United States Court of Appeals for the Fifth Circuit. *See Bocanegra v. United States*, No. 3:18-cv-1829-K, Dkt. No. 6 (N.D. Tex. Sept. 25, 2018); *Bocanegra v. United States*, No. 3:18-cv-2977-K, Dkt. No. 3 (N.D. Tex. Nov. 14, 2018).

The Fifth Circuit has now granted Bocanegra authorization "to file a successive 28 U.S.C. § 2255 motion in which he intends to challenge his conviction and sentence pursuant to 18 U.S.C. § 924(c)(1) for use of a firearm during a crime of violence" based on his contention "that, in light of the decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), he was convicted and sentenced under § 924(c)(1) based on a predicate offense that is not a 'crime of violence.'" Dkt. No. 5.

The Court appointed the Federal Public Defender for this district to represent Bocanegra and file an amended Section 2255 motion on his behalf. *See* Dkt. No. 9. And an amended motion was filed. *See* Dkt. Nos. 17 & 18. Through his amended motion, Bocanegra argues that, considering *Davis*, federal kidnapping is not a crime of violence, as it does not satisfy the elements clause of 18 U.S.C. § 924(c)(3)(A), so he is actually innocent of his Section 924(c) conviction, and this Court should vacate that conviction under Section 2255 even though this motion is successive and in light of the waiver in his plea agreement.

The government responded, asserting that Bocanegra both waived his right to

bring the current *Davis* claim and that he procedurally defaulted his only claim for relief. *See* Dkt. No. 20. And Bocanegra filed an out-of-time reply brief, as ordered by the Court. *See* Dkt. Nos. 21 & 22.

## Legal Standards and Analysis

Determining that a Section 2255 motion was timely under 28 U.S.C. § 2255(f)(3), the Fifth Circuit previously recognized "that *Davis* announced a new rule of constitutional law retroactively applicable on a first habeas petition." *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) (observing that "the rule announced in *Davis* meets the standard for a new substantive rule," because the United States Supreme Court held "that § 924(c)(3)'s residual clause 'sweeps more broadly than the elements clause—potentially reaching offenses, like burglary, that do not have violence as an element but that arguably create a substantial risk of violence.' In other words, the residual clause allows for punishment of certain offenses that the elements clause cannot otherwise reach. Consequently, the residual clause's invalidation narrows the scope of conduct for which punishment is now available." (quoting *Davis*, 139 S. Ct. at 2334)).

And, in ruling on an initial Section 2255 motion, although one with a tortured procedural history, the Fifth Circuit applied the rule in *Davis* to vacate a Section 924(c) conviction predicated on federal kidnapping. *See United States v. Carreon*, 803 F. App'x 790, 791 (5th Cir. 2020) (per curiam) ("*Davis* held that Section 924(c)(3)(B)'s residual clause definition is unconstitutional. 139 S. Ct. at 2336. Thus, following *Davis*,

Carreon's Section 924(c) conviction 'can be sustained only if [kidnapping] can be defined as a [crime of violence] under § 924(c)(3)'s element's clause.' *Reece*, 938 F.3d at 635. The government concedes that it cannot. We therefore vacate Carreon's Section 924(c) conviction.").

But this is not Bocanegra's first habeas petition. So, to obtain relief, he must clear a higher hurdle. *See, e.g.*, *In re Hall*, 979 F.3d 339, 342 (5th Cir. 2020) ("Because this is a successive federal habeas petition, however, [the petitioner] must show (among other things) that *Davis* has been '*made retroactive* to cases on collateral review *by the Supreme Court*.'" (quoting 28 U.S.C. § 2255(h)(2); emphasis added by *Hall*)).

As the Fifth Circuit has explained,

> [u]nder 28 U.S.C. §§ 2244(b) and 2255(h), "[a] second or successive habeas application must meet strict procedural requirements before a district court can properly reach the merits of the application." *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). "There are two requirements, or 'gates,' which a prisoner making a second or successive habeas motion must pass to have it heard on the merits." *Id.* (internal citation omitted). First, the prisoner must make a "prima facie showing" to the circuit court "that the motion relies on a new claim resulting from either (1) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' or (2) newly discovered, clear and convincing evidence that but for the error no reasonable fact finder would have found the defendant guilty." *Id.* (quoting 28 U.S.C. §§ 2244(b), 2255(h)). Second, after receiving permission from the circuit court to file a successive petition, "the prisoner must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *Id.* (citing 28 U.S.C. § 2244(b)). Where a prisoner fails to make the requisite showing before the district court, the district court lacks jurisdiction and must dismiss his successive petition without reaching the merits. *Id.*

*United States v. Clay*, 921 F.3d 550, 551 (5th Cir. 2019).

The Fifth Circuit allowed Bocanegra to pass through the first gate. And, in its response, the government concedes, that he should be allowed through the second. *See* Dkt. No. 20 at 10 n.3 ("Given that Count Five was predicated on the Count-Two kidnapping, and given the state of the law at the time of Bocanegra's judgment, *see United States v. Williams*, 343 F.3d 423, 431 (5th Cir. 2003) (applying a categorical approach to determine whether an offense is a Section 924(c) crime of violence), the government concedes that Bocanegra can pass through the second gate. *Wiese*, 896 F.3d at 725." (citation omitted)).

The government did observe, however, that, "while its position is that *Davis* announced a new rule made retroactive to cases on collateral review by the Supreme Court, the Fifth Circuit has recently asked amicus-curiae counsel to brief and argue the opposite" in *In re Hall*. *Id.* But the panel in *Hall* did not resolve this issue:

> There is no need to reach the residual clause issue, because as we shall explain, kidnapping resulting in death plainly satisfies the elements clause of § 924(c)(3). In doing so, however, we observe that he may not be entitled to relief under the residual clause either. We acknowledge that, according to five of our sister circuits, *Davis* was "made retroactive ... by the Supreme Court" through its previous ruling in *Welch v. United States*, 136 S. Ct. 1257 (2016). But we are not so sure. The Government did not contest the issue in any of those circuits, thus depriving those circuits of adversarial process. Moreover, at least seven members of the federal judiciary—three of our colleagues and four Justices of the Supreme Court—have made clear that rulings such as *Davis* are not automatically retroactive, and thus must be made retroactive by the Supreme Court in a future case to comply with provisions such as 28 U.S.C. § 2255(h)(2).

*Hall*, 979 F.3d at 342 (footnote omitted); *see also In re Harris*, ___ F.3d ___, No. 19-51045, 2021 WL 732726, at *1-*2 (5th Cir. Feb. 25, 2021) (Oldham, J., concurring)

(noting, among other things, that "*Reece* does not squarely govern second or successive motions under § 2255(h)" and that, "[i]f it were up to me, I'd wait until the Supreme Court itself made *Davis* retroactive, as § 2255(h)(2) requires").

Notwithstanding these questions raised (but not answered) as to *Davis*'s applicability to successive habeas petitions, here—given the government's concession as to the second gate and that this Court recently granted a successive Section 2255 motion parallel to Bocanegra's, *see Ornelas-Castro v. United States*, Nos. 3:20-cv-2165-K & 3:07-cr-190-K (04), 2020 WL 7321059 (N.D. Tex. Dec. 11, 2020)—the Court finds that Bocanegra has proven "that the relief he seeks relies [ ] on a new, retroactive rule of constitutional law," *Wiese*, 896 F.3d at 723 (citing §§ 2244(b)(2), (4)).

And, for the reasons explained in *Ornelas-Castro*, the Court further finds (1) that the miscarriage-of-justice exception applies as to the enforcement of the waiver in Bocanegra's plea agreement, *see* 2020 WL 7321059, at *2-*3 ("[Bocanegra] was convicted under an indictment that did not charge a valid offense with respect to count five, and [he] is actually innocent of the offense charged in count five. Accordingly, under these circumstances, the miscarriage of justice exception applies, and [Bocanegra's] collateral-review waiver is not enforceable."); and (2) that Bocanegra's "procedural default is excused by cause and prejudice on the basis that [his] *Davis* claim was not reasonably available to her when [he] filed [his] direct appeal," *id.* at *3.

Therefore, like Ornelas-Castro, the Court finds that Bocanegra is entitled to relief as to the Section 924(c) conviction. *See id.* at *4.

## Conclusion

The Court **GRANTS** Movant Salomon Bocanegra's amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Dkt. No. 17] insofar as the Court **VACATES** his conviction for Using, Carrying, and Brandishing a Firearm During or in Relation to a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c) and 2 [Count 5].

The Court will enter an order in the criminal case setting a schedule for resentencing, and that order will provide deadlines for any additional submissions from U.S. Probation or the parties.

**SO ORDERED.**

Signed March 16th, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE